UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ROBERT J.,

        Plaintiff,

v.

COMMISSIONER SOCIAL SECURITY ADMINISTRATION,

        Defendant.

Case No. 3:22-cv-00112-AR

OPINION AND ORDER

**ARMISTEAD, Magistrate Judge**

In this judicial review of the Commissioner's final decision denying Social Security benefits, plaintiff Robert J. (his last name omitted for privacy) contends that the Administrative Law Judge (ALJ) failed to provide specific, clear and convincing reasons for discounting his subjective symptom testimony. In plaintiff's view, the ALJ erred by relying on a lack objective medical evidence to discredit plaintiff's testimony, simply summarizing the medical evidence in support of the RFC assessment, and failing to identify what testimony he found not credible.

Page 1 – OPINION AND ORDER

(Pl.'s Br. at 10-11, ECF No. 14.) Plaintiff also argues that the ALJ failed to discuss testimony offered by Leticia P., plaintiff's wife. (Pl.'s Br. at 14-15.) Plaintiff's final argument is that the ALJ erred in analyzing the opinion of his primary care provider, Mark Wozniak, M.D., who opined that plaintiff would have significant difficulties functioning in a competitive work environment. (Pl.'s Br. at 11-14.) Specifically, plaintiff argues that Dr. Wozniak's opinion is not undermined by the examination findings that the ALJ cited, and that the ALJ failed to address other limitations assessed by Dr. Wozniak. As explained below, the ALJ erred in all three respects and the Commissioner's decision is REVERSED and REMANDED for further proceedings.[1]

## ALJ'S DECISION

In denying plaintiff's application for Title II Disability Insurance Benefits (DIB), the ALJ followed the five-step sequential evaluation process.[2] At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since June 1, 2015, his date of disability.[3] (Tr. 17.) At step two, the ALJ found that plaintiff has several severe impairments: thoracic and lumbar spine degenerative disc disease, bilateral hip degenerative joint disease, right foot degenerative joint disease, diabetes, peripheral neuropathy, asthma, obstructive sleep apnea, and obesity. (Tr. 18.)

---

[1] This court has jurisdiction under 42 U.S.C. § 405(g), and all parties have consented to jurisdiction by magistrate judge under Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c).

[2] To determine a claimant's disability, the ALJ must apply a five-step evaluation. *See* 20 C.F.R. § 404.1520(a)(4). If the ALJ finds that a claimant is either disabled or not disabled at any step, the ALJ does not continue to the next step. *Id.*; *see also Parra v. Astrue*, 481 F.3d 742, 746–47 (9th Cir. 2007) (discussing the five-step evaluation in detail).

[3] Plaintiff was born in 1969 and was 50 years old at the December 2020 hearing. (Tr. 29, 164.)

Page 2 – OPINION AND ORDER

At step three, the ALJ determined that plaintiff does not have an impairment, or combination of impairments, that meet or medically equal a listed impairment. (Tr. 19.)

After reviewing the evidence in the record, the ALJ then determined that plaintiff has the residual functional capacity (RFC) to perform light work, except that he can never climb ladders, ropes, or scaffolds; can occasionally reach overhead; can tolerate occasional exposure to extreme cold and vibration; could tolerate occasional exposure to pulmonary irritants such as fumes, odors, dust, gases, and poor ventilation; and should never be exposed to hazards such as unprotected heights and moving mechanical machinery. (Tr. 21.) The ALJ found that plaintiff has no past relevant work at step four. (Tr. 27.) Given plaintiff's age, education, work experience, and RFC, the ALJ found at step five that jobs exist in significant numbers in the national economy that plaintiff can perform, including such representative occupations as assembler, storage facility rental clerk, and gate guard. (Tr. 28.)

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). Substantial evidence is "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotation and citation omitted). To determine whether substantial evidence exists, the court must weigh all the evidence, whether it supports or detracts from the Commissioner's decision. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014).

## DISCUSSION

A.  *Subjective Symptom Testimony*

To determine whether a claimant's testimony about subjective pain or symptoms is credible, an ALJ must perform two stages of analysis. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017); 20 C.F.R. § 416.929. The first stage is a threshold test in which the claimant must produce objective medical evidence of an underlying impairment that could reasonably be expected to produce the symptoms alleged. *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014); *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). At the second stage, absent affirmative evidence that the claimant is malingering, the ALJ must provide clear and convincing reasons for discounting the claimant's testimony about the severity of his symptoms. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). The ALJ must make findings that are sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony. *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015). The specific, clear and convincing standard is "the most demanding required in Social Security cases" and is "not an easy requirement to meet." *Garrison*, 759 F.3d at 1015; *Trevizo*, 871 F.3d at 678-79. Moreover,

> an ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity determination. To ensure that our review of the ALJ's credibility determination is meaningful, and that the claimant's testimony is not rejected arbitrarily, we require the ALJ to specify which testimony she finds not credible, and then provide clear and convincing reasons, supported by evidence in the record, to support that credibility determination.

*Brown-Hunter*, 806 F.3d at 489. The ALJ must make findings that are sufficiently specific to

permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony. *Id.* at 493.

At the hearing and in function reports, plaintiff alleged that he is unable to work due to chronic, sharp, and consistent pain with any spinal movement, and that this pain interferes with his ability to concentrate and sleep. (Tr. 242.) At the hearing, plaintiff alleged limitations from thoracic and lumbar spine degenerative disc disease, bilateral hip degenerative joint disease, right foot degenerative joint disease, peripheral neuropathy, asthma, obstructive sleep apnea, hypersomnia, obesity, bilateral hand angioedema, hearing impairments, diabetes, depressive disorder, bilateral nonproliferative retinopathy, refraction disorder, and memory dysfunction. (Tr. 40-52.) He testified that he had to lie down four to six hours in the morning waiting for his pain medication to work, and that he could not work for more than five minutes at a time. (Tr. 48.) Plaintiff reported that basic tasks such as cooking meals, doing the dishes, and bathing are painful. (Tr. 48, 56.)

At the first step in the analysis, the ALJ made no finding of malingering and determined that plaintiff provided objective medical evidence of underlying impairments that might reasonably produce the symptoms alleged. (Tr. 22.) At the second step, however, the ALJ discounted the alleged severity, intensity, and persistence of plaintiff's symptom testimony as inconsistent with the medical evidence. (Tr. 22-26.) The ALJ was therefore required to provide specific, clear and convincing reasons for discrediting plaintiff's symptom testimony. *See Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2013). The ALJ failed to do so here.

Plaintiff argues that the ALJ failed to identify specific, clear and convincing reasons supported by substantial evidence to reject plaintiff's subjective symptom testimony, and

therefore committed harmful legal error. (Pl.'s Br. at 9-11.) Specifically, plaintiff asserts that the ALJ erred by relying solely on a lack of objective medical evidence to discredit plaintiff's testimony. (Pl.'s Br. at 10.) Plaintiff is correct.[4]

In the decision, the ALJ states that "the objective findings do not substantiate the claimant's allegations of disabling symptoms and limitations," and proceeds to provide a chronological summary of the medical record. (Tr. 22-25.) The ALJ fails, however, to identify any other basis upon which to discredit plaintiff's allegations. (Tr. 22-25.)

Inconsistency with the medical record can provide a clear and convincing basis for discounting a claimant's symptoms, so long as it is not the sole basis for doing so. *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). Even if the objective medical evidence is inconsistent with plaintiff's proffered symptoms, the ALJ may not rely solely on a lack of objective medical evidence to discredit plaintiff's testimony. *See Taylor v. Berryhill*, 720 F. App'x 907, 907 (9th Cir. 2018) (explaining that a "lack of objective medical evidence cannot be the sole reason to discredit claimant's testimony," and therefore holding that the ALJ failed to provide clear and convincing reasons for discounting the claimant's testimony). Therefore, the ALJ erred by relying exclusively on a lack of objective medical evidence to discredit plaintiff's testimony.

---

[4] Plaintiff further contends that the objective medical evidence is consistent with and supports plaintiff's testimony. (Pl.'s Br. at 10.) This argument is addressed in the remedy section of this opinion. Plaintiff also argues that the ALJ was required to do more than simply summarize the medical evidence in support of his RFC assessment, and that the ALJ is required to "specifically identify" the testimony that he found not credible. *Id.* Plaintiff's contention is correct, however, because the ALJ's committed harmful error by relying solely on a lack of objective medical evidence to discredit plaintiff's testimony, the court declines to address this additional argument.

Page 6 – OPINION AND ORDER

The Commissioner asserts that the ALJ's rationale may reasonably be discerned within the discussion of the medical evidence, contending the ALJ also discounted plaintiff's testimony because it was inconsistent with his treatment history and his reported level of activity. (Def.'s Br. at 8, ECF No. 18.) *See, e.g. Brown-Hunter*, 806 F.3d at 492 (remarking that legal error can be affirmed if "the agency's pathway may reasonably be discerned, even if the agency explains its decisions with less than ideal clarity"). The court disagrees. The ALJ made no effort to describe how plaintiff's treatment history or his level of activity undermined his subjective complaints. Although the ALJ's decision need not be drafted with ideal clarity, the court may not glean findings from the administrative record and is "constrained to review the reasons the ALJ asserts." *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). Because the ALJ only identified a lack of objective medical evidence as a basis for discounting plaintiff's subjective symptom testimony, the Commissioner's arguments are not well-taken here.

Accordingly, the court concludes that the ALJ erred by relying on a lack of objective medical evidence as the sole reason for discrediting plaintiff's subjective symptom testimony. *Bray*, 544 F.3d at 1227; *Sutherland v. Comm'r of Soc. Sec. Admin.*, 234 F. Supp. 3d 1063, 1071 (D. Or. Feb. 10, 2017).

**B.**     ***Lay Witness Testimony***

Lay witness testimony about a claimant's symptoms is competent evidence that an ALJ must consider unless he "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996) (holding that competent lay witness testimony "*cannot* be disregarded without comment" (emphasis in original)).

In addition to plaintiff's own subjective allegations, his wife, Leticia P., completed a third-party function report in support of his disability. (Tr. 220-27.) Plaintiff argues that the ALJ erred by disregarding this lay witness's statements without comment. (Pl.'s Br. at 15.) The Commissioner attempts to counter plaintiff's argument on two grounds.

First, the Commissioner argues that the ALJ did not commit legal error because 20 C.F.R. § 404.1520c(d) does not require ALJs to articulate how they consider nonmedical source statements. (Def.'s Br. at 8.) The Commissioner is mistaken: "Although § 404.1520c(d) states the Commissioner is 'not required to articulate how we consider evidence from nonmedical sources' using the same criteria for medical sources, it does not eliminate the need for the ALJ to articulate his consideration of lay-witness statements and his reasons for discounting those statements." *Joseph M. R. v. Comm'r of Soc. Sec. Admin.*, Case No. 3:18-cv-01779-BR, 2019 WL 4279027, at *12 (D. Or. Sept. 10, 2019) (quoting 20 C.F.R. § 404.1520c(d)).

Second, the Commissioner contends that the ALJ's failure to consider the lay-witness statements was harmless because the ALJ discounted similar testimony from plaintiff. (Def.'s Br. at 8 (citing *Molina v. Astrue*, 674 F.3d 1104, 1118-19 (9th Cir. 2012) ("Where lay witness testimony does not describe any limitations not already described by the claimant, and the ALJ's well-supported reasons for rejecting the claimant's testimony apply equally well to the lay witness testimony, it would be inconsistent with our prior harmless error precedent to deem the ALJ's failure to discuss lay witness testimony to be prejudicial per se.")). As explained above, because the ALJ did not provide legally sufficient reasons to discount plaintiff's subjective symptom testimony, the ALJ erred in failing to consider the lay witness testimony of plaintiff's wife.

C.     *Dr. Wozniak's Medical Opinion*

For disability claims filed on or after March 27, 2017, new regulations for evaluation medical opinion evidence apply. *Revisions to Rules Regarding the Evaluation of Medical Opinion Evidence (Revisions to Rules)*, 2017 WL 168819, 82 Fed. Reg. 5844, at *5867-68 (Jan 18, 2017). Under those revised regulations, the ALJ no longer "weighs" medical opinions but instead determines which are most "persuasive." 20 C.F.R. § 404.1520c(a). The new regulations eliminate the hierarchy of medical opinions and state that the agency does not defer to any particular medical opinions, even those from treating sources. *Id.*; *see also Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) ("The revised social security regulations are clearly irreconcilable with our caselaw according special deference to the opinions of treating and examining physicians on account of their relationship with the claimant."). Under the new regulations, the ALJ primarily considers the "supportability" and "consistency" of the opinions in determining whether an opinion is persuasive. 20 C.F.R. § 404.1520c(c). Supportability is determined by whether the medical source presents explanations and objective medical evidence to support his or her opinions. *Id.* § 404.1520c(c)(1). Consistency is determined by how consistent the opinion is with evidence from other medical and nonmedical sources. *Id.* § 404.1520c(c)(2).

The regulations require ALJs to "articulate . . . how persuasive [they] find all of the medical opinions" and "explain how [they] considered the supportability and consistency factors." *Id.* § 404.1520c(c)(b). The court must, moreover, continue to consider whether the ALJ's analysis has the support of substantial evidence. *See* 42 U.S.C. § 405(g); *Woods*, 32 F.4th at 792 ("Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial

evidence."). An ALJ may also consider a medical source's relationship with the claimant by looking at factors such as the length, purpose, or extent of the treatment relationship, the frequency of the claimant's examinations, and whether there is an examining relationship. *Id.* § 404.1520c(c)(3).

Dr. Wozniak opined that plaintiff can stand and walk for twenty minutes at a time. (Tr. 1052.) In an eight-hour workday, Dr. Wozniak opined that plaintiff can stand for one hour, and that he would need to lay down frequently due to back pain. (Tr. 1052.) Dr. Wozniak also opined that plaintiff would be absent from work at least two days a month due to his impairments. (Tr. 1055.) The vocational expert testified that being absent more than one day per month would rule out competitive employment. (Tr. 46.)

The ALJ was unpersuaded by Dr. Wozniak's opinion, finding that his opinions were unsupported by his own objective findings, including that plaintiff presented with a normal gait during examinations. (Tr. 26, 338, 397-98, 456.) Further, the ALJ explained that Dr. Wozniak's opinion was inconsistent with x-ray images of plaintiff's right hip and pelvis, which demonstrated only mild degenerative joint disease (Tr. 26, 554, 911-12). Plaintiff challenges that assessment of Dr. Wozniak's opinion, arguing that Dr. Wozniak's opinion is not undermined by plaintiff's normal gait and hip x-rays showing bilateral degeneration in both hips. He also asserts that Dr. Wozniak included more limitations besides the standing, walking, sitting, and lifting limitations, and that these additional limitations were not addressed by the ALJ. (Pl. Br. at 12-14).[5]

---

[5] Plaintiff emphasizes that Dr. Wozniak examined him on more than one occasion and has been plaintiff's primary care provider since 2009. The court is unclear what is meant by that point because, as plaintiff recognizes, new regulations eliminate the hierarchy of medical

Page 10 – OPINION AND ORDER

As to plaintiff's contention that Dr. Wozniak's opinion regarding plaintiff's lifting limitation is not undermined by the examination findings of plaintiff's normal gait, it is well-settled that "an ALJ may not pick and choose evidence unfavorable to the claimant while ignoring evidence favorable to the claimant." *Ghanim*, 763 F.3d at 1164. Although the ALJ found Dr. Wozniak's opinion unsupported because plaintiff presented with a "normal gait," other examinations, diagnostic imaging, and treatment records reflect a history of thoracic spine degeneration, lumbar degermation, accompanied by chronic pain and limited range of motion. (Tr. 316, 323-24, 651, 784.) By selectively relying on evidence unfavorable to plaintiff, and by failing to reconcile that evidence with examinations more favorable to plaintiff's position, the ALJ unreasonably concluded that Dr. Wozniak's opinion was unsupported by the record. Likewise, as to the ALJ's view that Dr. Wozniak's opinion is inconsistent with plaintiff's hip x-ray showing "mild" bilateral degeneration in both hips, the ALJ failed to identify an actual inconsistency given that plaintiff's hip degeneration was not a diagnosis Dr. Wozniak relied on when assessing plaintiff's limitations.

Plaintiff also contends that Dr. Wozniak identified other impairments based on objective medical findings that provided a reasonable basis for the assessed limitations. (Pl.'s Br. at 14.) Dr. Wozniak opined that plaintiff had more than just lifting, standing, walking, and sitting limitations. (Tr. 1052-54.) Dr. Wozniak gave opinions on plaintiff's ability to reach, perform postural activities, and climb ramps and stairs. (Tr. 1052-54.) Dr. Wozniak also opined that plaintiff would need to take extra breaks, and that the impact of plaintiff's painful symptoms

---

opinions and deference to any particular medical opinions, even those from treating sources. *Woods*, 32 F.4th at 792.

would induce psychological stress thus limiting his ability to adapt, manage, understand, remember, concentrate, maintain pace, and interact with others. (Tr. 1052-54.) Plaintiff asserts that the ALJ erred by not fully considering Dr. Wozniak's opinion that plaintiff needs extra breaks due to pain, his extreme limitations in his ability to complete a workday, and his likely absenteeism. (Pl.'s Br. at 14, citing Tr. 1053-55.)

The ALJ addressed only plaintiff's opined sitting, standing, and walking limitations, offering a generic explanation of a medical opinion and failing to address all of plaintiff's impairments does not afford the court a meaningful opportunity for review. *John P. v. Comm'r Soc. Sec. Admin.*, 3:21-cv-01482-MK, 2023 WL 2496635, at *4 (D. Or. Mar. 14, 2023) (explaining that, under the new regulations, "ALJ's must still provide sufficient reasoning for federal courts to engage in meaningful appellate review"). The ALJ did not evaluate Dr. Wozniak's opinion regarding plaintiff's other limitations. (Tr. 26.) As discussed previously, the ALJ discredited Dr. Wozniak's opinion generally, based on plaintiff's normal gait and an x-ray image showing mild degenerative joint disease. (Tr. 26.) That record fails to provide a basis upon which to discount Dr. Wozniak's other restrictions. Accordingly, substantial evidence does not support the ALJ's reason for finding those opinions not persuasive, and the ALJ has erred.

The Commissioner argues that Dr. Wozniak's opinion evidence has no merit under Ninth Circuit precedent, because the opinion evidence "equates to little more than the completion of a check box form." (Def.'s Br. at 11.) The court is not persuaded by this argument. An ALJ is not required to accept the opinion of a physician if it is brief, conclusory, or inadequately supported by clinical findings. *Ford*, 950 F.3d at 1154. However, an ALJ errs when he or she "fail[s] to recognize that the opinions expressed in check-box form . . . [a]re based on significant

Page 12 – OPINION AND ORDER

experience . . . and supported by numerous records." *Garrison*, 759 F.3d at 1013. Dr. Wozniak's completed a medical source statement predominately in a check-box format. (Tr. 1051-55.) However, the check-box evaluation is based on significant experience and supported by numerous records. (Tr. 1051-55.) Those records include: (1) Dr. Wozniak's own treatment notes, (2) an MRI of plaintiff's lumbar spine showing moderate left neural foraminal stenosis with contact of the inferior aspect of the left exiting L4 nerve root, and an MRI showing disk protrusion at T2-3. and (3) x-ray images of plaintiff's hip showing mild to moderate osteoarthritic changes bilaterally in the hips. (Tr. 313-17, 325-27, 332-34, 339, 359-362, 366-68, 398, 399-424, 571, 756.) Given that the medical source statement is based on significant experience and supported by numerous records, it is entitled to weight that an otherwise unsupported check-box form would not merit.

The court concludes that the ALJ's evaluation of Dr. Wozniak's opinion is deficient because the ALJ did not adequately discuss the supportability and consistency factors and failed to articulate an explanation that is supported by substantial evidence. *Woods*, 32 F.4th at 792 (holding that an ALJ can "reject an examining or treating doctor's opinion as unsupported or inconsistent" if the ALJ "provide[es] an explanation supported by substantial evidence"). Because the vocational expert testified that the limitations identified would eliminate all work in the national economy, to not address all the limitations opined by Dr. Wozniak is harmful error.

**D.    *Remedy***

A reviewing court has discretion to remand an action for further proceedings or for a finding of disability and an award of benefits. *See, e.g.*, *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014). Whether an action is remanded for an award of benefit or for further proceedings

depends on the likely utility of additional proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). In determining whether an award of benefits is warranted, the court conducts the "three-part credit-as-true" analysis. *Garrison*, 759 F.3d at 1020. Under that analysis, the court considers whether: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed and further proceedings would serve no useful purpose; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Even if all the requisites are met, however, the court may still remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

As discussed above, the ALJ erred in discounting plaintiff's subjective symptom testimony, the lay witness' testimony, and finding Dr. Wozniak's medical opinion unpersuasive. Thus, the first requisite of the credit-as-true analysis is met. As to the second requisite, the Ninth Circuit has held that remanding for proceedings rather than for an immediate payment of benefits serves a useful purpose where "the record has [not] been fully developed [and] there is a need to resolve conflicts and ambiguities." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal quotations and citation omitted). Here, the record would benefit from further development, particularly with respect to plaintiff's medical records. At the hearing, plaintiff alleged that he could not work for more than five minutes at a time and that he has to lie down for four to six hours in the morning while he waits for his pain medication to work. (Tr. 22, 48, 56.) The severity of plaintiff's allegations conflict with certain aspects of the medical record. For example, in October 2019, Dr. Robert Foege, M.D. stated that plaintiff had relatively modest

anatomical findings on imaging, and that the data does not explain his severe level of pain and disability. (Tr. 316.) Furthermore, the record also is unclear regarding how much plaintiff benefitted from treatment. His pain intervention history shows that his most recent treatment in January 2018 provided excellent relief in some areas, yet he still had persistent right thoracic pain. (Tr. 759.) Therefore, remanding for further proceedings would serve a useful purpose. On remand, the ALJ must: (1) reassess plaintiff's subjective symptom testimony and lay witness testimony *de novo* and accept the limitations described therein or provide specific, clear and convincing reasons for their rejection; (2) conduct a *de novo* review of the medical opinion evidence, including the medical opinion of Dr. Wozniak, and any other medical evidence plaintiff may choose to submit in support of his application and; (3) conduct any further necessary proceedings to complete the record, including offering a new hearing with vocational expert testimony and making a step-five findings if required, and issue a new decision. *Dominguez*, 808 F.3d at 410.

## CONCLUSION

For the above reasons, the court REVERSES the Commissioner's final decision and REMANDS this case for further proceedings/an immediate award of benefits.

IT IS SO ORDERED.

DATED June 6, 2023.

                                                                               JEFF ARMISTEAD
                                                         United States Magistrate Judge